UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAKEEM SHEPARD,

    Plaintiff,

v.

FREDEANE ARTIS, et al.,

    Defendants.

_____/

Case No. 1:22-cv-326

Hon. Hala Y. Jarbou

## ORDER

On September 26, 2022, the magistrate judge issued a Report and Recommendation (R&R) (ECF No. 31), recommending that the Court deny Defendants' motion for summary judgment regarding Plaintiff's failure to exhaust his administrative remedies. Before the Court is Defendants' objection (ECF No. 36) to the R&R.

Under Rule 72 of the Federal Rules of Civil Procedure,

> the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

The magistrate judge denied Defendants' motion for summary judgment after concluding that Plaintiff raised what Defendants admit is a non-grievable issue. (R&R 6.) As noted in the R&R, prisoners are not obligated to use the grievance procedure to exhaust non-grievable issues.

Defendants argue Plaintiff should have grieved his issue using the Warden's Forum; however, the Court concludes that the magistrate judge's reasoning is persuasive. As discussed in the R&R, Michigan Department of Corrections ("MDOC") policies provide that the Warden's

Forum is available for complaints about the content of a policy.  Plaintiff did not raise any issue with the content of a policy.  Instead, he complained that MDOC officials were *not complying* with its policies regarding measures to mitigate the spread of COVID-19.

Defendants also argue that Plaintiff's complaint about Defendants' failure to follow the MDOC's COVID-19 policies is "in effect" a grievance about the content of the policy because it indicates that the prison where he was housed lacked policies about COVID-19.  (Defs.' Objs. 4.)  The Court disagrees.  Plaintiff complained about the lack of enforcement of a particular policy, not about its content.  Similarly, a complaint that prison officials at a particular facility regularly refuse to provide the misconduct hearings required by the MDOC's policies is not a complaint about the content of those policies.  Likewise, a complaint that prison officials have violated a prisoner's rights under the Constitution is not a complaint about the contents of the Constitution.

Furthermore, Defendants do not address the magistrate judge's reasoning that, to the extent Plaintiff had to present his issue to the Warden's Forum in order to exhaust his claim, Plaintiff provided evidence that he satisfied this requirement.

Accordingly, for all the foregoing reasons,

**IT IS ORDERED** that Defendants' objection (ECF No. 36) to the R&R is **OVERRULED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 31) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 21) is **DENIED**.

Date:    December 19, 2022                    /s/ Hala Y. Jarbou
                                                                    HALA Y. JARBOU
                                                                    CHIEF UNITED STATES DISTRICT JUDGE